The Honorable J.L. "Jim" Shaver, Jr. State Representative P.O. Box 592 210 Merriman Avenue Wynne, AR 72396
Dear Representative Shaver:
This is in response to your request for an opinion interpreting Act 34 of 1988. In your correspondence you note that the question arises from the following set of facts: a legal newspaper ceased publication, and surrendered its second class mailing privileges prior to the passage of Act 34. The newspaper was then purchased within twelve (12) months by a publication which recently obtained a second class mailing privilege. You have asked the following specific question in this regard:
 Under Act 34, can the purchasing newspaper public legal notices at this time, or must it wait twelve (12) months from the time of securing the second class mailing privilege?
Section 1 of Act 34 provides in pertinent part:
 For a newspaper to be eligible to public legal notices and to be classified as a legal newspaper, it shall have been published at regular intervals continuously during a period of at least twelve (12) months, following the securing of a second-class mailing privilege, or as a direct legal successor of such a publication issued during the immediate prior period of at least twelve (12) months, or in the case of a legal newspaper which surrenders its second-class mailing privilege and is subsequently sold the resulting news — paper under new ownership is a legal newspaper if the purchased newspaper had been a legal newspaper within twelve (12) months prior to its sale.
The language of the Act is clear in its intent that a purchasing newspaper is a legal newspaper and eligible to publish legal notices, provided the predecessor newspaper was a legal newspaper within twelve months prior to its sale and that the purchased newspaper has surrendered its second-class mailing privilege. The resulting newspaper would not be required to wait the twelve month period after securing its second-class mailing privilege before it publishes legal notices.
Under the facts set forth in your request, the surrender of the second class mailing privilege and subsequent sale of the newspaper occurred prior to the effective date of Act 34 of 1988. Thus, Act 34 would be inapplicable. Generally, statutes will not be given retroactive operation unless the purpose and intent of the legislature to give them retroactive effect is expressly declared or can be necessarily implied from the language used. Abrego v. United Peoples Federal Savings and Loan Association,281 Ark. 308, 664 S.W.2d 858 (1984); Myers v. Council Manufacturing Corporation, 276 F. Supp. 541 (W.D.Ark. 1967). The language contained in Act 34 does not permit retroactive application nor can it be implied that the Act is to have such effect. Thus, A.C.A. 16-3-105(c)(1) as it read prior to amendment by Act 34 would control. Prior to its amendment 16-3-105(c)(1) read as follows:
 For a newspaper to be eligible to publish legal notices and to be classified as a legal newspaper, it shall have been published at regular intervals continuously during a period of at least twelve (12) months, following the securing of a second-class mailing privilege, or as direct legal successor of such a publication issued during the immediate prior period of at least twelve (12) months.
From the language quoted above, it appears that the resulting publication would be required to wait the twelve month period to be eligible to publish legal notices. The purpose behind statutes requiring that legal notices be published in newspapers which have existed for a specified period to [of] time is that they assure that the paper has been in existence long enough for it to be of a substantial and permanent character. It has been said that "(t)he character of the particular paper as a newspaper must not only exist at the time it is used for official advertising, but that character must have attached to the newspaper for the antecedent period stated or specified by the statute, and a newspaper not existing for the required period is not qualified." 66 C.J.S. Newspapers 39.
Under prior law, the Code did not make specific provisions for a situation when a predecessor newspaper surrendered its second-class mailing privilege and was subsequently purchased, it is reasonable to conclude that the resulting publication would qualify as a legal newspaper and eligible to publish legal notices after it had secured a second-class mailing privilege and been publishing at regular intervals for a period of twelve months. Once the publication has met the specific period provided by statute, it would constitute a legal newspaper and thus be eligible to publish legal notices.
Based on the foregoing, it is reasonable to conclude that, under prior law, the resulting publication would be eligible to publish legal notices provided it has met the twelve month waiting period.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.